**GORMAN, ESTATE OF, In re**

Probate Court, Lucas Co

Decided August 24, 1939

James Harrington Boyd, Toledo, for executrix.

Fred G. Carpenter, Toledo, for Edgar P. Bon.

### OPINION

By CHITTENDEN, J.

William J. Gorman died on December fourteenth, 1938, leaving a last will and testament in which Beatrice Williams was named as executrix. There were no known relatives of William J. Gorman but he was survived by a stepson, Edgar P. Bon. Beatrice Williams qualified as executrix and effected a settlement of a claim for personal injuries and the wrongful death of William J. Gorman. The total amount of the settlement was $700.00, $600.00 of which was for wrongful death. There was no other estate.

On June 5, 1939, the executrix filed her first and final account. No exceptions were filed to this account and it was advertised and duly approved by the court on July 6, 1939.

The account shows a balance of $170.54 after the payment of attorney fees, costs and expenses incident to the funeral of the decedent. The balance of $170.54 is shown to be credited on the account of Betty Williams, for the

board, room and lodging furnished the decedent for some years prior to his death.

On August 12, 1939, Edgar P. Bon, the stepson of the decedent, William J. Gorman, filed an application for authority to bring suit on the bond of the executrix. The basis of this application is the allegation that Edgar P. Bon is the only next of kin of the decedent and that the executrix had wrongfully and fraudulently converted to the use of the estate of the monies received upon settlement of the wrongful death claim, and converted to her own use the money which she paid herself as such executrix, and for services of her attorney.

Sec. 10509-167, GC, provides that an action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent. It further provides that the jury may give such damages as it may think proportionate to the pecuniary injury resulting from such death, to the persons respectively for whose benefit the action is brought.

Mr. Gorman left no surviving spouse or children and Mr. Bon claims that he is the only next of kin.

This presents an inquiry as to his being next of kin. §10503-2, GC, provides that in the determination of intestate succession next of kin shall be determined by degrees of relationship computed by the rules of civil law. There is no known rule of civil law which includes a stepchild as next of kin.

It will be observed that this rule applies to the determination of intestate succession. In the distribution of the proceeds of a wrongful death action there is no question of intestate succession. It is obvious that the proceeds of such an action could not have been and never were a part of the property of the estate of the deceased person, the proceeds of such an action constitute a fund arising out of and after the death

494

of the decedent. It is the definitely settled law of Ohio that  such fund is no part of the estate of the decedent and is not to be administered as such. Mr. Bon bases his claim upon the provisions of §10503-4, GC, which is the statute of descent and distribution. This section provides in detail for the distribution of the property of one who dies intestate. After providing for the distribution of such property to a very remote degree of relationship, paragraph 9 of the section is as follows:

"If there be no next of kin, to step-children or their lineal descendants per stirpes."

This paragraph by its very language excludes step children as next of kin. It follows from what has been said that Edgar P. Bon is not next of kin of the decedent and, therefore, is not entitled to participate in the proceeds of a wrongful death action.

The executrix has filed a motion to strike from the files the application for authority to bring suit on the bond filed herein by Edgar P. Bon. Edgar P. Bon having no interest in the proceeds of this wrongful death claim, the motion of the executrix to strike his application from the files is granted.

A journal entry may be prepared accordingly.